**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

ILZON DAVID AYALA TACHE,

Petitioner,

v.

CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orleans Field Office,

Respondent.

No. 2:26-cv-03193-SHL-atc

**ORDER DISMISSING PETITION**

Before the Court is pro se Petitioner Ilzon David Ayala Tache's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, filed September 15, 2026. (ECF No. 1.) Respondent responded on September 28, 2026. (ECF No. 9.) Petitioner has not filed a reply as of the date of this Order.

For the reasons stated below, Ayala Tache's Petition is **DISMISSED WITHOUT PREJUDICE**.

**BACKGROUND**

Ayala Tache filed a previous habeas petition, which resulted in Bullock being ordered to ensure Ayala Tache received a constitutionally adequate bond hearing before an immigration judge. (See Ayala Tache v. Warden, No. 2:26-cv-02693-SHL-cgc, at ECF No. 12). An Immigration Judge denied Ayala Tache bond, finding that he presented a danger to the community. (Id. at ECF No. 13.) Tache has remained in custody, and, as with his previous petition, challenges his current detention as violative of the Fifth Amendment because he has not received an individualized bond hearing at which the Government bore the burden of justifying

his confinement. (ECF No. 1 at PageID 8.)

Respondent contends that Ayala Tache received an adequate bond hearing. At the hearing, Bullock states that counsel for the Department of Homeland Security submitted documentation showing that "Petitioner entered the United States without inspection by immigration officials, lacked substantial family or other ties to the community, and had a 2026 arrest for driving under the influence, possession of a schedule-IV controlled substance, possession of drug paraphernalia, and [an] open container." (ECF No. 9 at PageID 47.) Additionally, Bullock represents that the immigration judge presiding over the hearing placed the burden on the Government to show that bond should be denied. (Id.) The immigration judge found Ayala Tache to be a danger to the community. (Id. at PageID 52.)

## ANALYSIS

Bullock argues that this Court lacks jurisdiction under 8 U.S.C. § 1226(e), that Ayala Tache should be required to exhaust his administrative remedies, and that his Petition is moot as he has already received the relief he requested given his individualized bond hearing. This Court has rejected similar exhaustion and jurisdictional arguments in other immigration habeas cases. See Alarjani v. Bullock, No. 2:26-cv-03163-SHL-tmp, 2026 WL 3062866, at *2 (W.D. Tenn. Oct. 13, 2026) (first noting that § 1226(e) does not "strip away from courts sitting in habeas . . . the power to review the legal standard underlying the immigration officials' actions and to evaluate legal and constitutional claims on that basis," and then excusing administrative exhaustion requirements) (citations omitted). Those arguments are similarly unpersuasive here.

However, Ayala Tache has provided nothing to rebut Bullock's assertion that he received a constitutionally adequate bond hearing. And it is unclear on what legal basis Ayala Tache would be entitled to a subsequent bond hearing or release from custody. In other cases where a

second habeas petition is filed after a petitioner receives a constitutionally adequate bond hearing, dismissal without prejudice was the appropriate result. See, e.g., Camarillo v. Raycraft, No. 1:26-cv-01569, 2026 WL 1487494, at *2 (W.D. Mich. May 28, 2026) (dismissing habeas petition after petitioner received bond hearing). Such is the case for Ayala Tache.

However, Ayala Tache has been detained since February 2026, and his bond hearing took place a little under three months ago. Although his detention, at this point, is permissible, it will not remain so indefinitely. See, e.g., German Santos v. Warden Pike Cnty. Corr. Facility., 965 F.3d 203, 212 (3d Cir. 2020) (two-and-a-half-year detention held unreasonable). Respondent must be mindful that he cannot detain Ayala Tache in perpetuity. The purpose of detention is to effectuate removal, and, if Ayala Tache's detention continues to the point it becomes unreasonable, a subsequent habeas petition might have a different result.

In this instance, Ayala Tache's detention is permissible, and there is no basis to grant habeas relief. Therefore, his Petition is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 9th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE